Bert J. Lewen, Esq. (*Pro Hac Vice*)
Robert S. Weisbein, Esq. (*Pro Hac Vice*)
Heather C. Wilde, Esq. (*Pro Hac Vice*)
**DARBY & DARBY PC**
805 Third Avenue
New York, New York 10022-7513
212.527.7700

R. Scott Thompson, Esq. (RST 6750)
Jenny R. Kramer, Esq. (JK 6956)
**LOWENSTEIN SANDLER PC**
Attorneys At Law
65 Livingston Avenue
Roseland, New Jersey 07068
973.597.2500

*Attorneys for Plaintiff*
Emerson Radio Corp.

RECEIVED~CLERK
U.S. DISTRICT COURT

2004 JAN -8 P 12: 52

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

EMERSON RADIO CORP.,

Plaintiff,

v.

EMERSON ELECTRIC COMPANY,

Defendant.

CV. 03-5390

**REPLY TO COUNTERCLAIMS**

Plaintiff Emerson Radio Corp. ("Emerson Radio") hereby replies to the counterclaims of defendant Emerson Electric Company ("Emerson Electric") in like numbered paragraphs as follows:

1.      Emerson Radio is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of the Counterclaim and, therefore, denies the same.

2.      Emerson Radio admits the allegations of paragraph 2 of the Counterclaim.

3.      Emerson Radio admits that Emerson Electric purports to set forth claims for breach of contract, anticipatory breach of contract and unjust enrichment but denies that a basis for such claims exists or that a declaratory judgment in Emerson Electric's favor is proper.

4.      Emerson Radio admits the allegations of paragraph 4 of the Counterclaim.

5.      Emerson Radio admits that it entered into a General Trademark Agreement dated April 15, 1991 (the "Agreement") and that the document attached as Exhibit 2 to the Counterclaim appears to be a copy of said Agreement. Emerson Radio further admits that it entered into the Agreement as a result of a dispute with Emerson Electric concerning the mark EMERSON.

6.      Emerson Radio admits that the language set forth in paragraph 6 of the Counterclaim is quoted from paragraph 2 of the Agreement, which speaks for itself.

7.      Emerson Radio refers to the Agreement for its terms and conditions. Emerson Radio denies the remaining allegations set forth in paragraph 7 of the Reply.

8.      Emerson Radio denies the allegations of paragraph 8 of the Counterclaim.

9.      Emerson Radio refers to the Agreement for its terms and conditions. Emerson Radio denies the remaining allegations set forth in paragraph 9 of the Reply.

10.      Emerson Radio is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Emerson Electric's intentions as set forth in the first sentence of paragraph 10 of the Counterclaim and, therefore, denies the same. In respect of the allegations in paragraph 10 of the Counterclaim concerning paragraph 8 of the Agreement, Emerson Radio refers to the Agreement for its terms and

2

conditions.   Emerson Radio denies the remaining allegations, if any, set forth in paragraph 10 of the Reply.

11.     Emerson Radio admits that Exhibit D of the Agreement lists consumer products reserved exclusively to Emerson Electric, but denies that such consumer products include residential clothes washers, dryers and dishwashers. Emerson Radio is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Emerson Electric's sales of components and systems to third parties as set forth in the second sentence of paragraph 11 of the Counterclaim and, therefore, denies the same.

12.     Emerson Radio admits that it has filed an intent-to-use trademark application and that the application has been assigned Serial Number 78/148,812. Emerson Radio further admits that in said application Emerson Radio represented that it has a bona fide intention to use the EMERSON and G Clef Mark in connection with the goods set forth in the application as is required under the U.S. Trademark Act. Emerson Radio further admits that Exhibit 3 of the Counterclaim appears to be a print out from the website of the U.S. Patent and Trademark Office ("PTO"). Emerson Radio denies that the Agreement accords to Emerson Electric the exclusive right to use the mark EMERSON in connection with clothes washers, dryers and dishwashers and further denies the remaining allegations, if any, of paragraph 12 of the Counterclaim.

13.     Emerson Radio admits that it has filed trademark applications in foreign trademark offices to register the EMERSON and G Clef Mark and further admits that it intends to use said Mark for the goods covered by such applications. Emerson Radio denies the remaining allegations of paragraph 13 of the Counterclaim.

14.     Emerson Radio admits that the language quoted in paragraph 14 of the Counterclaim appears in paragraph 12 of the Agreement, which speaks for itself.  To the extent paragraph 14 of the Counterclaim suggests that the purpose of the Agreement was to prevent Emerson Radio from licensing its rights in the EMERSON and G Clef Mark to third parties, the allegations are denied.  Emerson Radio further denies the remaining allegations, if any, of paragraph 14 of the Counterclaim.

15.     Emerson Radio admits that the language quoted in paragraph 15 of the Counterclaim appears in paragraph 11 of the Agreement, which speaks for itself. Emerson Radio denies the remaining allegations of paragraph 15 of the Counterclaim.

16.     Emerson Radio admits that it licenses the use of the EMERSON and G Clef Mark to third parties, but otherwise denies the allegations of paragraph 16 of the Counterclaim.

17.     Emerson Radio admits that it licenses the use of the EMERSON and G Clef Mark to third parties, but otherwise denies the allegations of paragraph 17 of the Counterclaim.

18.     Emerson Radio denies that it is obligated to inform Emerson Electric of its licensing efforts or that such efforts in any way violate the terms of the Agreement.

## COUNT I

19.     Emerson Radio repeats and realleges its responses to paragraphs 1-18 of the Counterclaim as if set forth in full herein.

20.     Emerson Radio denies the allegations of paragraph 20 of the Counterclaim.

### *The "Radio Patrol Scanner" Product*

21.     Emerson Radio admits that it has licensed the use of the EMERSON and G Clef Mark in connection with a radio scanner, but otherwise denies the allegations of paragraph 21 of the Counterclaim.

22.     Emerson Radio admits the first sentence of paragraph 22 of the Counterclaim. In respect of the second sentence, Emerson Radio admits that the radio scanner is manufactured and sold pursuant to a licensee of Emerson Radio.

23.     Emerson Radio admits it has licensed a third party to use the EMERSON and G Clef Mark in connection with the manufacture, distribution and sale of a radio scanner. Emerson Radio denies the remaining allegations of paragraph 23 of the Counterclaim.

24.     Emerson Radio is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 of the Counterclaim and, therefore, denies the same.

25.     Emerson Radio denies the allegations of paragraph 25 of the Counterclaim.

**The "Switchboard" Product**

26.     Emerson Radio admits that it has licensed the use of the EMERSON and G Clef Mark in connection with a switchboard modem, but otherwise denies the allegations of paragraph 26 of the Counterclaim.

27.     Emerson Radio admits the first sentence of paragraph 27 of the Counterclaim.   In respect of the second sentence, Emerson Radio admits that the switchboard modem is manufactured and sold pursuant to a license from Emerson Radio.

28.     Emerson Radio admits it has licensed a third party to use the EMERSON and G Clef Mark in connection with the manufacture, distribution and sale of the switchboard modem.  Emerson Radio denies the remaining allegations of paragraph 28 of the Counterclaim.

29.     Emerson Radio is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29 of the Counterclaim and, therefore, denies the same.

30.     Emerson Radio denies the allegations of paragraph 30 of the Counterclaim.

31.     Emerson Radio is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31 of the Counterclaim and, therefore, denies the same.

### The "Coffee Maker" Product

32.     Emerson Radio admits that it has licensed the use of the EMERSON and G Clef Mark in connection with a coffee maker product, but otherwise denies the allegations of paragraph 32 of the Counterclaim.

33.     Emerson Radio admits the first sentence of paragraph 33 of the Counterclaim. In respect of the second sentence, Emerson Radio admits that a licensee of Emerson Radio has the right to manufactures and sell a coffee maker product.

34.     Emerson Radio admits it has licensed a third party to use the EMERSON and G Clef Mark in connection with the manufacture, distribution and sale of a coffee maker product. Emerson Radio denies the remaining allegations of paragraph 34 of the Counterclaim.

35.     Emerson Radio is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35 of the Counterclaim and, therefore, denies the same.

36.     Emerson Radio denies the allegations of paragraph 36 of the Counterclaim.

37.     Emerson Radio is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37 of the Counterclaim and, therefore, denies the same.

38.     Emerson Radio denies the allegations of paragraph 38 of the Counterclaim.

39.     Emerson Radio denies the allegations of paragraph 39 of the Counterclaim.

## COUNT II

40.    Emerson Radio repeats and realleges its responses to paragraphs 1-39 of the Counterclaim as if set forth in full herein.

41.    Emerson Radio denies the allegations of paragraph 41 of the Counterclaim.

42.    Emerson Radio admits that it has licensed the use of the EMERSON and G Clef Mark in connection with a radio scanner, but otherwise denies the allegations of paragraph 42 of the Counterclaim.

43.    Emerson Radio admits that it has licensed the use of the EMERSON and G Clef Mark in connection with a switchboard modem, but otherwise denies the allegations of paragraph 43 of the Counterclaim.

44.    Emerson Radio admits that it has licensed the use of the EMERSON and G Clef Mark in connection with a coffee maker product, but otherwise denies the allegations of paragraph 44 of the Counterclaim.

45.    Emerson Radio denies the allegations of paragraph 45 of the Counterclaim.

46.    Emerson Radio denies the allegations of paragraph 46 of the Counterclaim.

## COUNT III

47.    Emerson Radio repeats and realleges its responses to paragraphs 1-46 of the Counterclaim as if set forth in full herein.

48.    Emerson Radio admits that it has received royalties from its licensees, but otherwise denies the allegations of paragraph 48 of the Counterclaim.

49.    Emerson Radio denies the allegations of paragraph 49 of the Counterclaim.

50.    Emerson Radio denies the allegations of paragraph 50 of the Counterclaim.

## COUNT IV

51.    Emerson Radio repeats and realleges its responses to paragraphs 1-50 of the Counterclaim as if set forth in full herein.

52.    Emerson Radio admits that it has filed an intent-to-use trademark application and that the application has been assigned Serial Number 78/148,812. Emerson Radio further admits that in said application Emerson Radio represented that it has a bona fide intention to use the EMERSON and G Clef Mark in connection with the goods set forth in the application as is required under the U.S. Trademark Act. Emerson Radio further admits that Exhibit 3 of the Counterclaim appears to be a printout from the website of the PTO. Emerson Radio denies that the Agreement accords to Emerson Electric the right to use the mark EMERSON in connection with clothes washers, dryers and dishwashers and further denies the remaining allegations, if any, of paragraph 52 of the Counterclaim.

53.    Emerson Radio admits that it has filed applications to register the mark EMERSON in connection with certain consumer goods in the countries listed in paragraph 53 of the Counterclaim, but otherwise denies the allegations of paragraph 53 of the Counterclaim.

54.    In respect of application Serial No. 78/148,812, Emerson Radio admits that it filed a declaration with the PTO stating that it has a bona fide intention to use the

mark EMERSON in connection with goods set forth in the application as it was required to do under the U.S. Trademark Act. Emerson Radio further admits that it has filed applications to register the mark EMERSON in connection with a variety of goods including clothes washers, dryers and dishwashers in the countries listed in paragraph 53 of the Counterclaim. Emerson Radio denies the remaining allegations of paragraph 54 of the Counterclaim.

55.    Emerson Radio admits that it is precluded from using a trademark containing the word EMERSON on goods that are exclusively reserved to Emerson Electric on Exhibit D to the Agreement, but denies that Exhibit D reserves to Emerson Electric the right to use that mark in connection with clothes washers, dryers and dishwashers. Emerson Radio denies the remaining allegations of paragraph 55 of the Counterclaim.

56.    Emerson Radio denies the allegations of paragraph 56 of the Counterclaim.

57.    Emerson Radio admits that it has corresponded with Emerson Electric regarding certain of Emerson Radio's trademark applications, but otherwise denies the allegations of paragraph 57 of the Counterclaim.

58.    Emerson Radio denies that it is obligated to take any of the actions set forth in subparagraphs (a) and (b) of paragraph 58 and denies the allegations relating thereto.

59.    Emerson Radio denies the allegations of paragraph 59 of the Counterclaim.

60.     Emerson Radio denies the allegations of paragraph 60 of the Counterclaim.

### COUNT V

61.     Emerson Radio repeats and realleges its responses to paragraphs 1-60 of the Counterclaim as if set forth in full herein.

62.     Emerson Radio refers to the Agreement for its terms and conditions. Emerson Radio denies the remaining allegations set forth in paragraph 62 of the Reply.

63.     Emerson Radio refers to the Agreement for its terms and conditions. Emerson Radio denies the remaining allegations set forth in paragraph 63 of the Reply.

64.     Emerson Radio admits that it has filed various trademark applications , but otherwise denies the allegations of paragraph 64 of the Counterclaim.

65.     Emerson Radio admits that paragraph 11 of the Agreement speaks for itself and that it states:   "The parties will cooperate to help one another to obtain registrations on and exploit their respective marks as applied to their respective goods throughout the world, and will not interfere with their respective uses of their respective marks on their respective goods."   Emerson Radio otherwise denies the allegations of paragraph 65 of the Counterclaim.

66.     Emerson Radio admits that it has opposed the registration of certain of Emerson Electric's trademark applications, but otherwise denies the allegations of paragraph 66 of the Counterclaim.

67.     Emerson Radio denies the allegations of paragraph 67 of the Counterclaim.

68.    Emerson   Radio   denies   the   allegations   of   paragraph   68   of   the Counterclaim.

69.    Emerson   Radio   denies   the   allegations   of   paragraph   69   of   the Counterclaim.

70.    Emerson   Radio   denies   the   allegations   of   paragraph   70   of   the Counterclaim.

## COUNT VI

71.    Emerson Radio repeats and realleges its responses to paragraphs 1-70 of the Counterclaim as if set forth in full herein.

72.    Emerson   Radio   admits   the   allegations   of   paragraph   72   of   the Counterclaim.

73.    Emerson   Radio   denies   the   allegations   of   paragraph   73   of   the Counterclaim.

74.    Emerson   Radio   denies   the   allegations   of   paragraph   74   of   the Counterclaim.

75.    Emerson   Radio   denies   the   allegations   of   paragraph   75   of   the Counterclaim.

76.    Emerson   Radio   denies   the   allegations   of   paragraph   76   of   the Counterclaim.

77.    Emerson Radio refers to the Agreement and to the Settlement Agreement between Emerson Electric and Emerson Radio effective April 15, 1991 for their terms and conditions.  Emerson Radio denies the remaining allegations set forth in paragraph 77 of the Reply.

78.     Emerson Radio denies the allegations of paragraph 78 of the Counterclaim.

79.     Emerson Radio denies the allegations of paragraph 79 of the Counterclaim.

### First Affirmative Defense

Emerson Electric's Counterclaims fail to state a cause of action upon which relief can be granted.

### Second Affirmative Defense

Emerson Electric's Counterclaims are barred by the doctrine of unclean hands.

### Third Affirmative Defense

Emerson Electric's Counterclaims are barred by the equitable doctrine of waiver.

### Fourth Affirmative Defense

Emerson Electric's Counterclaims are barred by the equitable doctrines of estoppel and laches.

**WHEREFORE,** Emerson Radio prays that:

A.      Emerson Electric's Counterclaims be dismissed with prejudice and that judgment be entered for Emerson Radio; and

B.    Emerson Radio be awarded its costs and attorneys' fees arising from its

defense against the counterclaims, and be granted such other and further relief as this

Court deems just and proper.

LOWENSTEIN SANDLER PC

By:_____

Dated:  January 7, 2004

R. Scott Thompson, Esq. (RST 6750)
Jenny R. Kramer, Esq. (JK 6956)
65 Livingston Avenue
Roseland, New Jersey 07068-1791
Telephone: 973.597.2500

DARBY & DARBY P.C.
Bert J. Lewen, Esq. (*Pro Hac Vice*)
Robert S. Weisbein, Esq. (*Pro Hac Vice*)
Heather C. Wilde, Esq. (*Pro Hac Vice*)
805 Third Avenue
New York, New York 10022-7513
Telephone: 212.527.7700

*Attorneys for Plaintiff*
EMERSON RADIO CORP.

R. Scott Thompson, Esq. (RST 6750)
Jenny R. Kramer, Esq. (JK 6956)
**LOWENSTEIN SANDLER PC**
Attorneys At Law
65 Livingston Avenue
Roseland, New Jersey 07068
973.597.2500

RECEIVED-CLERK
U.S. DISTRICT COURT

2004 JAN -8 P 12: 52

Bert J. Lewen, Esq.(*Pro Hac Vice*)
Robert S. Weisbein, Esq. (*Pro Hac Vice*)
Heather C. Wilde, Esq. (*Pro Hac Vice*)
**DARBY & DARBY PC**
805 Third Avenue
New York, New York 10022-7513
212.527.7700
Attorneys for *Plaintiff*
  Emerson Radio Corp.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| EMERSON RADIO CORP., | Civil Action No. 03-CV-5390 (KSH) |
| Plaintiff, | |
| v. | **CERTIFICATION OF SERVICE** |
| EMERSON ELECTRIC COMPANY, | |
| Defendant. | |

I, the undersigned, hereby certify that on January 7, 2004, I caused true and correct copies of Plaintiff Emerson Radio Corporation's Answer to Counterclaims to be served upon counsel for Defendant by federal express as follows:

Michael P. Brennan, Esq.
Harness Dickey & Pierce, P.L.C.
5445 Corporate Drive
Suite 400
Troy, Michigan 48098

Joseph DiRienzo, Esq.
DiRienzo & DiRienzo
116 St. Paul Street
Westfield, New Jersey 07090

Attorneys for *Defendant*
Emerson Electric Company

By: _Jenny Kramer_
Jenny R. Kramer

Dated: January 7, 2004
E5954/24
01/07/2004 1494576.01